UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOAQUIN CARDONA SANDOVAL, | ) | CASE NO. 4:06 CV 2248 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U.S. ATTORNEY GENERAL, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 18, 2006, plaintiff pro se Joaquin Cardona Sandoval filed this Bivens[1] action against the United States Attorney General, the Director of the United States Bureau of Prisons ("BOP") and the following employees of the Metropolitan Detention Center in Guaynabo, Puerto Rico: Warden Mr. Ledezma, Dr. Rivera, Dr. Medina, Unit 3A Counselor Mr. Rivera, "prison guards," and "prison staff members." (Compl. at 1-2.) In the complaint, plaintiff alleges he was denied appropriate medical care. He seeks unspecified monetary damages.

**Background**

Mr. Sandoval is a federal inmate currently housed in the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio. Prior to his transfer to NEOCC, Mr. Sandoval was

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

housed in the Metropolitan Detention Center in Puerto Rico. All of the events giving rise to his claims occurred in Puerto Rico.

Mr. Sandoval contends he was experiencing pain in the left pectoral area of his chest in March 2005. He sent an Inmate Request to Staff to Dr. Rivera on March 22, 2005 seeking an appointment. He claims he completed this form on two prior occasions but did not receive an answer. Dr. Rivera responded to his request the next day informing him that he had been scheduled for an appointment the following week. He claims, however, that his name was never put on the "call out" list and his unit counselor did not inform him of the date and time of his appointment. It is not clear whether Mr. Sandoval attended this appointment. He indicates a Physician's Assistant examined him and prescribed muscle relaxants. No x-rays were taken and no other tests were performed. Mr. Sandoval states he continues to suffer from this same medical condition. He contends that the Metropolitan Detention Center medical department violated the standards of professional conduct and failed to fulfill their responsibilities under the agency regulatory code.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290,

300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).  For the reasons stated below, the claims against the United States Attorney General and the BOP are dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Sandoval fails to state a claim against the United States Attorney General or the BOP Director.  He indicates that each of these defendants is named in this action because he or she is responsible for the operation of the prison.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act."  Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior.  Id.  Liability therefore must lie upon more than a mere right to control employees and cannot rely on a "failure to supervise" theory.  Id.  There are no facts alleged in the pleading which reasonably suggest that the United States Attorney General or the United States BOP Director actively participated in making the decisions regarding Mr. Sandoval's medical treatment.  The claims against these defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

Furthermore, venue does not lie in this district for any potential Bivens claims and this court cannot exercise personal jurisdiction over the remaining defendants.  Venue in such suits is governed by 28 U.S.C. § 1391(b), which provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As none of the defendants reside in the State of Ohio and all of the events giving rise to the claims in this action occurred in Puerto Rico, this court is not the proper venue to assert these claims. Moreover, the defendants have no contact with the State of Ohio sufficient to require them to defend a suit in this state. See Fortis Corporate Ins. v. Viken Ship Management, 450 F.3d 214, 218 (6th Cir. 2006). For these reasons, this matter is transferred to the United States District Court for the District of Puerto Rico. See 28 U.S.C. § 1406(a).

## **Conclusion**

Accordingly, plaintiff's claims against the United States Attorney General and the United States Bureau of Prisons Director are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] The remainder of this action is transferred to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. §1406(a).

IT IS SO ORDERED.


Dated: December 26, 2006            *s/     James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.